OPINION
Although defendant-appellant Vickie Swartzbaugh evidently considers herself aggrieved by a great portion of the proceedings in this divorce action, this appeal is taken from a decision in which the trial court ordered that the status quo be maintained in regard to previously determined custody issues. We conclude that the trial court did not abuse its discretion when it entered this order. Accordingly, the judgment of the trial court is Affirmed.
 I
Ms. Swartzbaugh and plaintiff-appellee Dennis Swartzbaugh were divorced by a judgment and decree entered September 30, 1997. Custody of the parties' minor children was decided by separate entry dated September 18, 1997. Ms. Swartzbaugh was given custody of the two older children, Andrea and Sarah. Mr. Swartzbaugh was given custody of the two younger children, Dustin and Megan. The issue of custody was set for review.
A custody review hearing was held on May 18, 1999. The magistrate found that Megan and Dustin were doing well in Mr. Swartzbaugh's care. The magistrate further found that "* * * if any of the children are suffering in their current custodial arrangement, it is Sarah." By decision dated June 14, 1999, the magistrate ordered that custody remain as previously ordered. Neither party filed objections to the magistrate's decision. The decision was subsequently adopted by the trial court., Appellant's brief fails to set forth an Assignment of Error as required by App. R. 16(A)(3). Therefore, although it is difficult to discern the exact nature of Ms. Swartzbaugh's argument from her pro se appellate brief, we have set forth below what we infer to be her claim of error.[1]
 II
Ms. Swartzbaugh's Assignment of Error is as follows:
THE TRIAL COURT ERRED IN ITS ORDER DATED JUNE 14, 1999.
Ms. Swartzbaugh contends that the trial court erred in its order wherein it found that Mr. Swartzbaugh should retain custody of Megan and Dustin and that she should retain custody of Sarah.[2] The order also required the parties to follow the Standard Order of Visitation.[3]
We begin by noting that Ms. Swartzbaugh did not file an objection to the magistrate's decision regarding custody. Civ.R. 53(E)(3)(b) states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, State ex rel. Booher v. Honda of Am. Mfg.,Inc. (2000), 88 Ohio St.3d 52, in which the Ohio Supreme Court held that the appellant's failure to have filed objections in accordance with Civ.R. 53(E) precluded her assigning error on appeal, and required affirmance of the judgment.[4] We understand the reason for this rule to be that because the ultimate outcome of any proceeding in a trial court is the responsibility of the trial judge, who has been duly elected or appointed in accordance with Article IV, Section 6(A)(3) or Section 13, of the Ohio Constitution, any alleged imperfection in a deliberation that has been entrusted by the trial judge to a magistrate ought first to be brought to the attention of the trial judge, who should have an opportunity to correct the error before rendering judgment in the matter.
Even if we could reach the merits of Ms. Swartzbaugh's argument, we would affirm the judgment of the trial court. The abuse of discretion standard applies to the trial court's determination in a custody proceeding. Miller v. Miller (1988),37 Ohio St.3d 71, 74. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "The Ohio Supreme Court has recognized that the deference to be accorded to a trial court's assessment of the credibility of evidence in child custody disputes is especially great, because the credibility issue is `even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well.'" Partridge v. Partridge
(Aug. 27, 1999), Greene App. No. 98 CA 38, unreported, quotingDavis v. Flickinger (1997), 77 Ohio St.3d 415, 419.
In this case, we are constrained to accept the magistrate's findings of fact regarding the issue of custody because Ms. Swartzbaugh failed to object to the findings. Civ.R. 53(E)(3)(b). The magistrate found that Dustin and Megan were doing well in their father's care, and that they both expressed the desire to remain in their father's custody. Furthermore, Ms. Swartzbaugh's brief does not challenge the propriety of this finding, nor does she contend that she is entitled to custody of Dustin or Megan. Therefore, we cannot say that the trial court abused its discretion by ordering that Dustin and Megan remain in Mr. Swartzbaugh's custody. Additionally, there is no claim that the trial court erred by adopting, with one minor change, the Standard Order of Visitation.
Accordingly, Ms. Swartzbaugh's sole Assignment of Error is overruled.
 III
Ms. Swartzbaugh's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
 __________________ FAIN, J.
GRADY, P.J., and BROGAN, J., concur.
[1] We note that we cannot address Ms. Swartzbaugh's arguments insofar as they address issues regarding the distribution of property. Those matters were decided in the divorce decree in 1997, and no appeal was taken from that decision. We further note that Ms. Swartzbaugh raises an argument regarding a change in custody that apparently occurred after the date her notice of appeal was filed. Therefore, that matter is not properly before us. Finally, we note that, in her notice of appeal, Ms. Swartzbaugh contends that Mr. Swartzbaugh fails to comply with orders regarding visitation. That is a matter for determination by the trial court. It is not a matter that can be addressed on appeal, since it is not predicated upon a claim of error in the trial court.
[2] Andrea is now eighteen years of age, and was found by the trial court to be emancipated.
[3] One minor change was made to the Standard Order. Specifically, weekend visitation was ordered to commence two hours later than normal on Fridays, and to end one hour later than normal on Sundays.
[4] However, where the error assigned rises to the level of plain error, we may nevertheless consider it. Anderson v. Steele
(April 14, 2000), Montgomery App. No. 17992, unreported. In the case before us, we find no error. See, infra.